IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-083-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **FUDONG WU,**

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Fudong Wu's Motion for Compassionate Release ("Motion"). (ECF No. 150.) For the following reasons, the Court denies the Motion.

## I. BACKGROUND

On December 18, 2019, Wu pleaded guilty to one count of unlawfully and knowingly using and maintaining a place for the purpose of manufacturing and distributing marijuana, and aiding and abetting the same, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. (ECF No. 94.) On September 8, 2020, the Court sentenced Wu to 15 months' imprisonment, of which he has served approximately seven months. (ECF No. 142.) He is currently incarcerated at Great Plains Correctional Institution, a private correctional facility located in Hinton, Oklahoma. (ECF No. 150 at 2.)

Wu filed his Motion on March 10, 2020, seeking immediate release from custody. (ECF No. 150.) He asserts that he is at high risk of serious COVID-19 infection due to

his medical conditions of type II diabetes, hyperglycemia, and "borderline obes[ity]." (*Id.* at 3.) The Government filed a response in opposition to the Motion on March 29, 2021. (ECF No. 155.) Wu filed a reply on April 4, 2021. (ECF No. 156.)

## II. ANALYSIS

Wu invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

The Government concedes that Wu has exhausted his administrative remedies and that Wu's diabetes diagnosis constitutes extraordinary and compelling

2

circumstances. (ECF No. 155 at 5–6.) The Court acknowledges the Tenth Circuit's recent decision in *United States v. Carr*, — F. App'x —, 2021 WL 1400705 (10th Cir. 2021), emphasizing the substantial discretion of a district court in determining the existence of extraordinary and compelling circumstances. *Id.* at *4–5. Given the Government's concession, and the Centers for Disease Control guidance stating that diabetes poses increased risk of severe COVID-19 infection, the Court in its discretion will assume for the purpose of this Order that extraordinary and compelling circumstances exist. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 11, 2021) (listing medical conditions that carry increased risk of severe illness from COVID-19). Accordingly, the Court proceeds to the question of whether the sentencing factors set forth in 18 U.S.C. § 3553(a) favor Wu's release.

Wu argues that the § 3553(a) factors favor his release because he has no criminal history apart from his present non-violent offense and has served approximately half of his sentence. (ECF No. 150 at 12–15.) He further contends that his incarceration is not serving a rehabilitative purpose because he is unable to access prison resources and programming due to the COVID-19 distancing protocols. (*Id.* at 12–13.) Moreover, Wu appears to argue that compassionate release would not result in leniency for him because he is subject to an immigration detainer which would likely place him immediately in custody of Immigration and Customs Enforcement ("ICE").[1]

---

[1] Wu fails to address how placement in an immigration detention center would carry a lower risk of COVID-19 exposure than his present facility; it is therefore unclear how his immediate release would remedy his purported high risk of infection. *See Essien v. Barr*, 457 F. Supp. 3d

3

(*Id.* at 14.)

Although Wu's offense was non-violent, he nonetheless cultivated large quantities of marijuana in a residential area. (ECF No. 138.) Moreover, Wu's sentence already reflected a very substantial downward variance from the applicable sentencing guidelines range for his offense. (ECF No. 143 at 1–2.) He has now served only approximately half of that guideline range sentence.

For these reasons, the Court finds that a sentence of time served (seven months) would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); and "the kinds of sentence and the sentencing range established for [Wu's crimes]," § 3553(a)(4). The Motion is therefore denied.

### III. CONCLUSION

For the reasons set forth above, Wu's Motion (ECF No. 150) is DENIED.

Dated this 13th day of May, 2021.

BY THE COURT:

William J. Martínez
United States District Judge

---

1008 (D. Colo. 2020) (granting petition for writ of habeas corpus due to risk of contracting COVID-19 in ICE custody).